UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORIELLE JOHNSON,

        Plaintiff(s),        CASE NUMBER: 08-14127
                                        HONORABLE VICTORIA A. ROBERTS

v.

FREDERICK WINN,

        Defendant(s).
                                      /

## ORDER GRANTING DEFENDANT'S
## MOTION TO STAY DISCOVERY

### I. BACKGROUND AND PROCEDURAL HISTORY

On February 5, 2008, inmate Lorenzo Anthony was escorted to Health Services. When he was returned to his cell, his restraints were removed. Subsequently, Anthony was able to leave his cell; walk to Plaintiff Corielle Johnson's cell; and, throw feces, urine, and semen on Johnson through his food slot from a cough drop bag and toothpaste tube.

On September 25, 2008, Johnson filed a five-count Complaint for: (1) cruel and unusual punishment; (2) deliberate indifference to his medical needs; (3) a violation of his substantive due process rights; (4) assault and battery; and (5) civil conspiracy under §1983.

On April 19, 2010, Defendant Frederick Winn filed a Motion for Summary Judgment. Nurse Winn says: (1) Johnson did not exhaust his administrative remedies; (2) he was not deliberately indifferent to Johnson's medical needs; and (3) he is entitled

1

to Eleventh Amendment immunity.

On March 25, 2010, Johnson served a discovery request for:

1. a copy of the security camera video to determine if Nurse Winn examined Anthony's feces.

2. a copy of the video that shows the conversation between Johnson and Nurse Winn.

3. a copy of the video that shows the procedure Nurse Winn used to evaluate Johnson.

4. the definition of "exposure."

5. a copy of the policy for dealing with an inmate's "exposure."

6. an affidavit from Dr. Urban and Dr. Stevie stating they said there was no "exposure."

7. the results of Johnson's blood draw from 2008.

8. an affidavit from Nurse Winn stating why he stopped working for the Michigan Department of Corrections. Johnson says this would let him know if Nurse Winn was fired due to the way he handled Johnson's situation.

9. a copy of the Michigan Department of Corrections employee handbook.

10. the job description of "Bubble Officers" in Detention/Segregation Units.

11. a private conference with a nurse supervisor to explain the H. Pylori virus.

12. Anthony's HIV and hepatitis records.

Before the Court is Nurse Winn's Motion to Stay Discovery. (Doc. #59).

## II. APPLICABLE LAW AND ANALYSIS

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-

2

55 (1936)).

Johnson received the Michigan Department of Corrections Policy Directive on the Control of Communicable Bloodborne Diseases. This Policy Directive contains the definition of "Occupational Exposure," and the action to be taken in response to occupational exposure. In addition, Johnson has a Clinical Progress Note from Dr. Urban that says "No exposure reported."

After reviewing Johnson's discovery requests and Nurse Winn's Motion for Summary Judgment, the Court finds the remainder of Johnson's discovery requests is not pertinent to Johnson's response to Nurse Winn's Motion for Summary Judgment.

### III. CONCLUSION

Nurse Winn's motion is **GRANTED**. Discovery is **STAYED** pending resolution of Nurse Winn's Motion for Summary Judgment.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 9, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Corielle Johnson by electronic means or U.S. Mail on June 9, 2010.

s/Linda Vertriest
Deputy Clerk