UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Coreille Johnson, #324642,

    Plaintiff,

vs                                                  Case No: 08-14127
                                                   Honorable Victoria A. Roberts

Frederick Winn,

    Defendant.
_____/

## **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**I.    BACKGROUND**

On February 5, 2008, two employees at the Standish Maximum Correctional Facility ("SMF") escorted inmate Lorenzo Anthony to Health Services. When Anthony was returned to his cell, his restraints were removed. Subsequently, Anthony was able to leave his cell; walk to Plaintiff Corielle Johnson's cell; and, throw feces, urine, and semen on Johnson through his food slot from a cough drop bag and toothpaste tube.

On September 25, 2008, Johnson filed a Complaint against Frederick Winn, a staff nurse at SMF, alleging Nurse Winn was deliberately indifferent to his serious medical needs following the incident with Anthony.

Before the Court is Nurse Winn's "Motion for Summary Judgment." (Doc. #57). Nurse Winn asks the Court to dismiss Johnson's deliberate indifference claim. The motion is **GRANTED**.

1

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) says summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

Johnson did not respond to Nurse Winn's Motion for Summary Judgment. Nonetheless, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451,

455 (6th Cir. 1991). The moving party must always bear the initial burden of demonstrating the absence of a genuine issue of material fact, even if the party fails to respond. *Id.* at 454-55. "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that [it] has discharged that burden." *Id.* at 455.

## III. APPLICABLE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

A claim for deliberate indifference contains an objective and a subjective component. *Mabry v. Antonini*, 2008 WL 3820478 at **3 (6th Cir. Aug. 13, 2008).

The objective component requires Johnson to show a "sufficiently serious" medical need. *See id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A "sufficiently serious" medical need is one that a physician has diagnosed as requiring mandatory treatment or one that a lay person would easily recognize as needing a doctor's attention. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted). Nurse Winn assumes that having feces thrown upon an individual could, in certain circumstances, result in a serious medical condition.

In addition to satisfying the objective component, Johnson must prove the subjective component as well. The subjective component requires Johnson to allege facts that show "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then

3

disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Court may use circumstantial evidence to draw the inference that prison officials had the requisite knowledge. *Comstock*, 273 F.3d at 703 (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).

Nurse Winn's Affidavit says:

3. On February 5, 2008, I was called to prisoner Johnson's housing unit shortly after the incident where he was assaulted with feces.

4. I talked with Mr. Johnson and then spoke with Dr. Urban at the clinic. Dr. Urban in turn spoke with the chief physician (Regional Medical Officer), Dr. Stieve. After discussing the incident between the two of them[,] they concluded that there was not an exposure, and Dr. Urban so advised me.

5. I told Mr. Johnson that Dr. Urban and the chief physician for SMF did not consider the incident an exposure to communicable blood borne diseases.

6. HIV and Hepatitis A, B, and C are not transmitted by contact with skin. HIV and Hepatitis B and C are transmitted by blood; Hepatitis A could be transmitted by ingesting infected feces. Hepatitis A is easily treated.

The Court finds Nurse Winn discharged his burden to demonstrate that there is no genuine issue of material fact regarding whether he knew of, and disregarded, a substantial risk of harm to Johnson.

## IV. CONCLUSION

Nurse Winn's motion is **GRANTED**. Johnson's claim against Nurse Winn is **DISMISSED**.

4

**IT IS ORDERED.**

                                              /s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: July 1, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Corielle Johnson by electronic means or U.S. Mail on July 1, 2010.

s/Linda Vertriest
Deputy Clerk

---