UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORIELLE JOHNSON, #324642

    Plaintiff,

vs                                                 Case No: 08-14127
                                                 Honorable Victoria A. Roberts

MICHAEL KRAJNIK, ET AL,

    Defendants.
_____/

## ORDER

### I.    BACKGROUND AND PROCEDURAL HISTORY

On February 5, 2008, two employees at the Standish Maximum Correctional Facility ("SMF") escorted inmate Lorenzo Anthony to Health Services. When Anthony was returned to his cell, his restraints were removed. Subsequently, Anthony was able to leave his cell; walk to Plaintiff Corielle Johnson's cell; and, throw feces, urine, and semen on Johnson through his food slot from a cough drop bag and toothpaste tube.

On September 25, 2008, Johnson filed a Complaint against Anthony; Frederick Winn, a former staff nurse at SMF where Johnson was housed; and, Michael Krajnik, Rodney Buhl, Donald Ricumstrict, Kim Warren, Kenneth Werner, and Steven Brown, employees at SMF.

On March 16, 2009, the Court granted Johnson's motion to voluntarily dismiss Anthony. Johnson's claims against Anthony were dismissed without prejudice.

On September 22, 2009, the Court granted Krajnik, Buhl, Ricumstrict, Warren, Werner, and Brown's motion for summary judgment. Johnson's claims against these

1

Defendants were dismissed.

Nurse Winn is the only remaining Defendant.  Johnson alleges Nurse Winn was deliberately indifferent to his serious medical needs following the incident with Anthony.

Before the Court is Nurse Winn's "Motion for Summary Judgment."  (Doc. #57).  Nurse Winn asks the Court to dismiss Johnson's Complaint.

Nurse Winn's motion is **GRANTED**.

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) says summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."  *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

2

one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

### III. APPLICABLE LAW AND ANALYSIS

Johnson's Complaint says, "After Defendants subjected Plaintiff to . . . inhumane conditions[,] he was denied medical attention by Nurse Winn."

Johnson's Affidavit in support of his Complaint says, "The Plaintiff was subsequently denied medical attention and testing by defendant Winn (Nurse)."

Finally, Johnson's Affidavit attached to his Response to Krajnik, Buhl, Ricumstrict, Warren, Werner, and Brown's Motion for Summary Judgment says:

(1) "Nurse Winn never observed me while I had the feces and urine on my body and face"

(2) "Nurse Winn took my blood pressure and temperature, asked what happened, scribed a few notes, and then left"

(3) "at no time did the Nurse determine if there was blood in [the] feces" and

(4) "Nurse Winn only 'spoke' with me. At no time did he evaluate me or provide me with medical care other than a blood pressure and temperature check."

Johnson says Nurse Winn's inactions constituted a deliberate indifference to his serious medical needs.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

3

A claim for deliberate indifference contains an objective and a subjective component. *Mabry v. Antonini*, 2008 WL 3820478 at **3 (6th Cir. Aug. 13, 2008).

The objective component requires Johnson to show a "sufficiently serious" medical need. *See id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A "sufficiently serious" medical need is one that a physician has diagnosed as requiring mandatory treatment or one that a lay person would easily recognize as needing a doctor's attention. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted). Nurse Winn assumes that having feces thrown upon an individual could, in certain circumstances, result in a serious medical condition. This satisfies the objective component.

In addition to satisfying the objective component, Johnson must prove the subjective component as well. The subjective component requires Johnson to allege facts that show "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Court may use circumstantial evidence to draw the inference that prison officials had the requisite knowledge. *Comstock*, 273 F.3d at 703 (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).

Nurse Winn's Affidavit says:

3. On February 5, 2008, I was called to prisoner Johnson's housing unit shortly after the incident where he was assaulted with feces.

4. I talked with Mr. Johnson and then spoke with Dr. Urban at the clinic. Dr. Urban in turn spoke with the chief physician (Regional Medical Officer), Dr. Stieve. After discussing the incident between the two of them[,] they concluded that there was not an exposure,

4

      and Dr. Urban so advised me.

5.     I told Mr. Johnson that Dr. Urban and the chief physician for SMF did not consider the incident an exposure to communicable blood borne diseases.

6.     HIV and Hepatitis A, B, and C are not transmitted by contact with skin. HIV and Hepatitis B and C are transmitted by blood; Hepatitis A could be transmitted by ingesting infected feces. Hepatitis A is easily treated.

While Johnson says H-Pylori was found in his blood stream on June 24, 2009 – approximately a year-and-a-half after the incident with Anthony – there is no evidence that Nurse Winn knew Johnson faced a substantial risk of harm. Accordingly, Nurse Winn did not have to follow Michigan Department of Corrections Policy Directive 03.04.120(O):

> A person who is exposed to blood or other potentially infectious materials in a manner which could transmit a communicable bloodborne pathogen should promptly cleanse the exposed area with soap and water (water alone for eyes) and obtain first aid. Staff shall immediately report the exposure to his/her supervisor, who shall immediately refer the employee to an occupational or emergency health care clinic to ensure any necessary treatment may begin within one hour after the exposure. An exposed offender shall be immediately referred to the appropriate health care clinic.

The Court finds there is no genuine issue of material fact regarding whether Nurse Winn knew of, and disregarded, a substantial risk of harm to Johnson.

## IV. CONCLUSION

Nurse Winn's motion is **GRANTED**. Johnson's claim against Nurse Winn is **DISMISSED**.

This is the only remaining Defendant. Accordingly, Mr. Johnson's lawsuit is over.

**IT IS ORDERED.**

s/Victoria A. Roberts
                                                               Victoria A. Roberts
                                                               United States District Judge

Dated: August 4, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record and Corielle Johnson by electronic means or U.S. Mail on August 4, 2010.
>
> s/Linda Vertriest
> Deputy Clerk